HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335

Proposed Attorneys for Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SCREENING SERVICES GROUP, LLC,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 2:26-bk-19276-BR<br><br>Chapter 11<br><br>**ORDER GRANTING EMERGENCY MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**<br><br>**<u>Hearing Date</u>**<br>Date: To be set<br>Time: To be set<br>Ctrm: 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

On ****, 2026, at *** a.m./p.m., in Courtroom 1668, this Court conducted an emergency hearing on the Emergency Motion of Debtor and Debtor-in-Possession for Order Authorizing Interim Use of Cash Collateral [Docket No. *] (the "Motion") brought by Screening Services Group, LLC, Debtor and Debtor-in-Possession ("Debtor"). Appearances were as stated on the record.

Having considered the Motion, the declarations in support of the Motion, and all objections and replies to the Motion, as well as the arguments of counsel at the hearing,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted;

2. Debtor is authorized to use cash collateral as defined in Bankruptcy Code section 363 ("Cash Collateral") on an interim basis in accordance with the budget attached as Exhibit "2"

to the Declaration of Michael Hall filed in support of the Motion (the "Budget"), subject to a variance of ten percent per line and in the aggregate, from September 15, 2026 and until the earliest of conversion, dismissal, effective date of a plan, or until further hearing on this matter, which shall be set for ****, 2026, at *** a.m./p.m. in this Court, at which time this Court will revisit the issue of use of cash collateral;

3. As and for adequate protection from and against any diminution in the value of their interests in the Cash Collateral, all persons and entities that hold perfected security interests in the Debtor's Cash Collateral are hereby granted replacement liens in all of the Debtor's post-petition assets, other than recoveries from avoiding power actions, which liens shall have the same validity, priority, and extent as their prepetition liens.

**IT IS SO ORDERED.**

# # #