HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: vhaberbush@lbinsolvency.com

Proposed Attorneys for Debtor and Debtor-in-Possession

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SCREENING SERVICES GROUP, LLC,<br><br>Debtor and Debtor-in-Possession. | Case No. 2:26-bk-19276-BR<br><br>**Chapter 11**<br><br>**NOTICE OF EMERGENCY MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**<br><br>**Hearing Date**<br>Date: September 18, 2026<br>Time: 10:00 a.m.<br>Ctrm: 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; ALL SECURED CREDITORS; TWENTY LARGEST UNSECURED CREDITORS; AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that SCREENING SERVICES GROUP, LLC, Debtor and Debtor-in-Possession herein (hereinafter referred to as "Debtor"), has filed an emergency motion seeking an order authorizing use of cash collateral (the "Motion"). The hearing on the Motion will take place on Friday, September 18, 2026 at 10:00 a.m. A copy of said Motion is being served on you concurrently with this Notice. The hearing on the Motion will occur in Courtroom 1668 of the Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Los Angeles, CA 90012.

**PLEASE TAKE FURTHER NOTICE** that this hearing was requested on Emergency Basis under LBR 9075-1. If you object to the Motion, you must file a written opposition to this Motion with the Court no later than Thursday, September 17, 2026 at 10:00 a.m. and serve a copy of it upon Movant's attorneys at the address set forth above. Any reply to such opposition must be in writing and filed with the Court no later than Thursday, September 17, 2026 at 4:00 p.m. Failure to timely object or respond to the motion may be deemed by the court to be consent to the relief requested.

This Motion will be based on this Notice of Motion, Motion, Memorandum of Points and Authorities, and the Declaration of Michael Hall.

**NOTICE IS FURTHER GIVEN** that a copy of the Motion is being served on you concurrently with this Notice. Any other documents filed in the case will be provided to you upon your request to Movant's attorneys, whose name, address, and telephone number appear in the upper left-hand corner of this notice.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

**NOTICE OF RELIEF SOUGHT**

By the Motion, the Debtor respectfully seeks the immediate issuances and entry of an order for interim authority to, among other things, (i) pursuant to 11 U.S.C. § 363, use, subject to certain terms and conditions, use Cash Collateral within the meaning of Section 363(a) of the Bankruptcy Code in which the Secured Lenders have a perfected security interest, and (ii) provide adequate protection to the Secured Lenders under Sections 361 and 363 of the Bankruptcy Code on account of such use. Debtor seeks leave of Court for use of Cash Collateral for a period until approximately October 1, 2026. Debtor anticipates and requests that the Court setting a continued hearing on this Motion for continued use of Cash Collateral to be heard approximately on or before October 1, 2026.

Payments of the reasonable, necessary and ordinary monthly expenses must be made out of the accounts receivable and cash on hand in order to increase the value of the estate and the Secured Lenders (as defined hereinbelow) by allowing Debtor to continue its operations and continue to protect the viability of the business. Therefore, the use of Cash Collateral is necessary for Debtor to continue its operations.

All funds and accounts receivable collected in the operation of Debtor's business that exist on the Petition Date constitute Cash Collateral as defined by 11 U.S.C. 363 (the "Cash Collateral"). Debtor

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

has no other sources of income from which to pay its reasonable, necessary and ordinary business expenses other than the Cash Collateral.

Debtor has a need for the use of Cash Collateral to avoid immediate and irreparable harm to the bankruptcy estate. If such Cash Collateral is not immediately made available to Debtor, it cannot operate its business and it will cause an immediate diminution in the value of property of the bankruptcy estate. Because the continued viability of Debtor's business is in the best interests of all creditors, including the Secured Lenders, Debtor requests that the Court authorize the use of the Cash Collateral for the payment of expenses incurred in the ordinary course of operating Debtor's business.

Of Debtor's secured creditors, nine (9) have liens on all of Debtor's assets, giving rise to the need for this Motion. Set forth below is a list of the secured creditors holding a blanket lien on all of Debtor's assets in order of their priority with the estimated amount due to each creditor as of the Petition date (the "Secured Lenders"):

| | | |
|---|---|---|
| 1. | The U.S. Small Business Administration (the "SBA") | $500,000 |
| 2. | C T Corporation, as Representative | Unknown[1] |
| 3. | Leaf Capital Funding, LLC ("Leaf Capital") | $84,827.06 |
| 4. | NewTek Small Business Finance, LLC ("NewTek") | $454,480.87 |
| 5. | Ascentium Capital ("Ascentium") | Unknown[2] |
| 6. | Leaf Capital | $39,344.58 |
| 7. | Ascentium | $162,323.44 |
| 8. | On Deck | $109,168.17 |
| 9. | Vida Equity Group, LLC ("Vida Equity") | $10,942.50 |

The Secured Lenders all have a lien on Debtor's cash and accounts receivable such that they have an interest in the Cash Collateral. As of the Petition Date, the total value of Debtor's assets is approximately $450,211.66, giving only the SBA any collateral on which its secured claim may attach.

---

[1] The UCC-1 Financing Statement filed for this creditor only lists CT Corporation, as Representative. Debtor has been unable to determine what creditor this might be from its books and records. Accordingly, this creditor's name and the amount due is currently unknown.

[2] The principal amount of this loan was $165,000. Debtor is in the process of determining the amount due as of the Petition Date.

As adequate protection for the Secured Lenders, Debtor proposes a post-petition replacement lien on all of Debtor's post-petition personal property, other than recoveries from avoiding power actions, which liens shall have the same validity, priority, and extent as the prepetition lien, subject to Debtor's ability to use such collateral upon request and order of this Court.

While Debtor asserts that the value of the property securing the Secured Lenders' claims is not diminishing in value, to the extent that any of the Secured Lenders' asserts that their claim is not adequately protected from the diminution in value of its security interest, Debtor offers a replacement security interest in its post-petition acquired property to the extent of any diminution in value to the estate, which would be determined at a later time if and when such determination is appropriate. Further, based on the Budget (as defined in the Motion), Debtor expects that the value of the Secured Lenders' replacement liens will increase due to Debtor's successful operations. Therefore, the Secured Lenders are adequately protected.

Debtor believes that the replacement lien is sufficient to adequately protect all Secured Lenders such that no additional adequate protection is required. To the extent the Court believes payments must be made to some or all of the Secured Lenders to adequately protect them, Debtor would request such payments be limited only to what is required to adequately protect them. Because the value of Debtor's assets are less than the total amount of the first position Secured Creditor, the SBA, Debtor believes that only the SBA would possibly need further protection from the possible diminution in value of the collateral in addition to the replacement lien already offered.

For these reasons, by the Motion, Debtor seeks approval from the Court for Debtor to use the Cash Collateral on an interim basis through approximately October 1, 2026 on the terms and conditions set forth in the Motion, set a further hearing for the permanent use of Cash Collateral, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HABERBUSH, LLP

Date: September 15, 2026

By, ______________________________
VANESSA M. HABERBUSH, Proposed Attorneys for Debtor and Debtor-In-Possession

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled: **NOTICE OF EMERGENCY MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 15, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Vanessa M Haberbush** vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

2. **SERVED BY UNITED STATES MAIL**:
On **September 15, 2026,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 15, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Barry Russell
United States Bankruptcy Court
255 E. Temple Street
Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 15, 2026 | Alexander S. Bostic | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**The following have been served via Priority Overnight Mail:**

Alliance Funding Group,
18231 Irvine Blvd.
Tustin, CA 92780

Ascentium Capital
P.O. Box 71297
Charlotte, NC 28272

First Commonwealth Equipment Fin
920 Cassatt Road, Suite 310
Berwyn, PA 19312-2000

Leaf Capital Funding, LLC
PO Box 5066
Hartford, CT 06102

Newtek Small Business Finance, LLC
4800 T-Rex Avenue, Suite 120
Boca Raton, FL 33431

NMEF Funding VI, LLC
P.O. Box 781055
Philadelphia, PA 19178

CT Corporation, as Representative
Attn: SPRS
330 N. Brand Blvd., Suite 700
Glendale, CA 91204

OnDeck
4700 W. Daybreak Pkway, Suite 200
South Jordan, UT 84009

U.S. Bank Equipment Finance
1310 Madrid Street
Marshall, MN 56258

Vida Equity Group, LLC
7366 N Lincoln Ave., Suite 102
Lincolnwood, IL 60712

Wintrust Specialty Finance
PO Box 3892
Seattle, WA 98124

1640 Sepulveda Property, LLC
12501 Seal Beach Blvd., Suite 225
Seal Beach, CA 90740

Ahrya Corporation
1717 S. Figueroa Street
Los Angeles, CA 90015

Bayfirst (Banesco)
150 Alhambra Cir. Suite 100
Miami, FL 33134

Citi Bank
P.O. Box 790046
Saint Louis, MO 63179

Chase Bank, N.A.
1414 Woodward Avenue
Ruston, LA 71270

DE Landholdings, LP
c/o Douglas Emmett
Property Management
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401

Forward Financing
53 State Street, 20th Floor
Boston, MA 02109

Intuit
2800 E. Commerce Center Place
Tucson, AZ 85706

Specialty Healthcare Properties
8670 Wilshire Blvd., Suite 102
Beverly Hills, CA 90211

Wells Fargo
P.O. Box 29482
Phoenix, AZ 85038

U.S. Small Business Administration
10737 Gateway West #300
El Paso, TX 79935

Aspire
50 Tice Blvd.
Woodcliff Lake, NJ 07677

Bank of America
Attn: Agent for Service of Process
330 North Brand Blvd., Suite 700
Glendale, CA 91203

U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

Amy Baden
15910 Ventura Blvd. 12th Floor,
Encino, CA 91436

Rachel M. Sanders, Attn
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017

CHTD Company
P.O. Box 2576
Springfield, IL 62708

WWT9 Owner, LLC
c/o Ocean West Properties
Attn: Ted Bischak
315 W. 9th Street, Suite 808
Los Angeles, CA 90012

Pawnee Leasing Corporation
3801 Automation Way
Fort Collins, CO 80525

Newtek Small Business Finance, LLC
1981 Marcus Ave., Suite 130
New Hyde Park, NY 11042